■ CIVIC ASSOCIATION AT ROSLYN COUNTRY CLUB, INC., et al., Respondents, v LEVITT & SONS, INCORPORATED, et al., Defendants, and NORDIC LEISURE, INC., et al., Appellants. [639 NYS2d 957]

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondent Civic Association at Roslyn Country Club, Inc., for reasons stated by Justice O'Shaughnessy at the Supreme Court. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.

■ SUSAN N. DALLIN, Respondent, v JOHN G. DALLIN, Appellant. [640 NYS2d 196]

The former wife sought counsel fees pursuant to the terms of the separation agreement which provides that the wife, in order to receive counsel fees, was required to send to the husband "written notice" of default. The separation agreement further stated that all notices were to be sent by registered or certified mail, return receipt requested. The former wife failed to adhere to this notice requirement.

We further note that sequestration of the former husband's Keogh account was improper because no "qualified domestic relations order" had been entered (see, CPLR 5205 [c] [4]). Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.